```
            UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Dennis R. Cookish

    v.                                          Civil No. 11-cv-399-JD
                                                Opinion No. 2011 DNH 191

United States of America


O R D E R

Dennis R. Cookish, proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2255.  In support of his habeas corpus petition, Cookish contends that his counsel provided constitutionally ineffective assistance by advising Cookish not to challenge portions of the presentence investigation report that Cookish argued were wrong.  The government objects to Cookish's petition.


Background

Cookish was represented by Federal Defender Jessica Brown during the criminal case at issue here, United States v. Cookish, Crim. No. 10-cr-177-JD.  Cookish pled guilty to a charge of bank fraud on January 10, 2011.  The United States Probation Officer prepared a draft presentence investigation report, which was sent to counsel on March 7, 2011.

Brown sent a letter on behalf of Cookish to the probation officer with objections to the draft report. Brown's objections pertained to Cookish's comments about statements made by one of his confederates and a typographical error. The probation officer added Cookish's comments and corrected the typographical error in the final report. On April 11, 2011, Cookish was sentenced to fifty-one months imprisonment, and judgment was entered the same day.

In support of his habeas petition, Cookish contends that he told Brown that the presentence investigation report included erroneous information: a prior conviction in Connecticut for sexual contact and a comment that a weapon had been taken from Cookish during his arrest for attempted robbery in Florida.[1] Cookish wanted the sexual contact conviction and the weapon

---

[1] The errors Cookish alleges are as follows. As to the sexual contact conviction, the information about the crime in the presentence report was taken from a presentence report prepared in 1988 for a different case in this court. Cookish argues that the victim lied, that no crime was committed, and that his repeated challenges to his conviction resulted in having the file sealed in the early 1990s and then destroyed. He contends that if the probation officer had researched his criminal history without relying on the 1988 presentence report, the sexual contact conviction would not have been found. He provides no proof to support his assertions. Cookish also asserts that the comment that he had a gun when he was arrested for attempted robbery was an error and that someone else involved in the criminal activity actually had the gun. Cookish provides no evidentiary support for his version of events.

possession comment removed from the report.  Cookish represents that Brown advised him not to challenge the prior conviction or the weapon comment because he had a lengthy criminal history, his objections would highlight his criminal history, and neither the conviction nor the comment would affect his sentence.  Cookish acquiesced in Brown's advice.

Cookish states that based on the prior conviction and the weapon possession comment, the Bureau of Prisons has classified him as a sex offender and as having a weapons charge.  Cookish contends that because of the sex offender classification he is precluded from using the e-mail system available to other inmates, he is housed at a facility for sex offenders, and he may be subject to additional civil commitment.  He also contends that the weapon possession comment will affect his eligibility for good time credit and for certain programs in the prison system.

## Standard of Review

Under § 2255, a federal prisoner may ask the court to vacate, set aside or correct a sentence that was "imposed in violation of the United States Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

When the prisoner's claim is based on ineffective assistance of counsel, "defense counsel's performance will be found constitutionally ineffective only if the defendant can show (a) that his counsel's performance was deficient; and (b) that he was prejudiced as a result of the deficient performance." <u>Bucci v. United States</u>, --- F.3d ---, 2011 WL 4840625, at *9 (1st Cir. Oct. 13, 2011). To establish prejudice, a petitioner must show "that 'but for his counsel's deficiency, there is a reasonable probability that he would have received a different sentence.'" <u>Peralta v. United States</u>, 597 F.3d 74, 79-80 (1st Cir. 2010) (quoting <u>Porter v. McCollum</u>, 130 S. Ct. 447, 453 (2009)).

## Discussion

Cookish contends that his counsel's representation was constitutionally ineffective because she advised him not to challenge the prior conviction and the weapon comment. He acknowledges that counsel's failure to object to those convictions did not change his sentence, and he does not challenge his conviction or his sentence in this proceeding. Instead, by way of relief, he asks the court to have the presentence investigation report amended to remove the sexual

contact conviction and the weapon comment.[2] The government objects, arguing that Cookish cannot show ineffective assistance.

To the extent Cookish is attempting to challenge his prior state conviction on a charge of sexual contact, he cannot do so by way of a § 2255 petition. If "a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance the federal sentence." Daniels v. United States, 532 U.S. 374, 382 (2001). A "defendant may not collaterally attack his prior conviction through a motion under § 2255." Id.

In addition, § 2255 provides relief to a federal prisoner who can show that his sentence was imposed in violation of the Constitution or federal law, that the court lacked jurisdiction to impose the sentence, that the sentence was in excess of statutory maximum, or that the sentence is otherwise subject to collateral attack. § 2255(a). Similarly, to succeed on his ineffective assistance of counsel claim, he must show that if his counsel had objected to the sexual contact conviction and to the weapon comment, there is a reasonable probability that his sentence would have been different. Cookish forthrightly

---

[2]In his reply, Cookish asks the court to issue an addendum to the presentence investigation report that would state that the court declines to address Cookish's objections to the report.

acknowledges that he does not challenge his conviction or his sentence and does not argue that his sentence would have been different if Brown had made the objections he urged. Instead, Cookish seeks to amend the presentence investigation report in order to change his classification by the Bureau of Prisons. Section 2255 does not provide the relief Cookish seeks.[3]

## Conclusion

For the foregoing reasons, the § 2255 petition (document. no. 1) is denied. Because Cookish has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. See Rule 11(a), Rules Governing Section 2255 Proceedings; 28 U.S.C. § 2253(c)(2).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 15, 2011

cc:  Seth R. Aframe, Esquire
     Dennis R. Cookish #00545-049

---

[3] Cookish's petition and the record conclusively show that he is not entitled to relief under § 2255, making a hearing and further proceedings unnecessary. § 2255(b).

6